By the Court,
Savage, Ch. J.
The regularity of the issujng of the attachment is the principal, perhaps the only point in the case. It was issued under the 33d section of’ the act of 1831; but it'is necessary to refer to some of the previous sections. The 30th section prohibits 'imprisonment upon execution on justice’s judgments, except in four cases:' 1. Where the person against whom it issues has not resided within'this state for 30 days before suit commenced; 2. Where the judgment was for money collected as a public officer; 3. For’official misconduct or neglect of duty ; 4. For damages for misconduct or neglect in any .professional' employment! . The 31st section declares that no warrant shall issue in any cáse, except where' an execution may issue to imprison ihlo person; a warran tissues' under this statute in the four cases above specified. The 32d section jirovides, that where a warrant cannot ’issue, a non-resident plaintiff, on certain proof and security, may have a summons returnable in riot less than two and not'more "than four days! The 33d section is as follows : “ Wherever, by provisions of .the 30th section of this actj no'warrant can issue, and the defendant shall reside out' of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein; and if such defendant be proceeded against otherwise, the justice shall ’ have no jurisdiction of the cause.” The 34th section enumerates certain cases in addition to those in which attachments might previously issue, and the 35th section prescribes the evidence upon which an attachment may issue in such case, or in the cases provided for in the-revised statutes ; but the case embraced in the *276 33d section seems to be not included amongst any of those requirements. A bond is required in the cases provided for in this act, with sureties, and upon the conditions prescribed by the revised statutes.
Before the act of 1831, the process against non-resident debtors was by warrant; and if judgment was obtained and property was not turned out upon execution, the defendant was imprisoned; but when imprisonment for debt was abolished, it seemed proper that an arrest should be dispensed with, in all oases where the party could not be imprisoned upon final process. .Hence the 33d section does not allow the summons or attachment, in' cases where the defendant is liable to be imprisoned, because in such cases a warrant may be issued; but when a warrant cannot be issued, this statute intended to give a more summary and effectual remedy than against residents of the county; and therefore, as I apprehend, left the plaintiff to take an attachment against a defendant who is not a resident of the county, but is a resident of the state, as a substitute for a warrant under the former statute — and to be issued in the same manner, at the peril of the plaintiff. So it was formerly as to the issuing the warrant against a nonresident defendant. No affidavit was necessary. The plaintiff issued his warrant at his peril; if it turned out that the defendant was not a non-resident of the county, the proceeding was irregular. So also formerly, a warrant could not be issued against a freeholder or inhabitant having a family, except under certain circumstances — and those circumstances must be shown, in order to justify the issuing the warrant; but against persons not inhabitants, or if inhabitants and. not freeholders nor having families, a warrant issued as matter of course — as much so as a summons. ..No affidavit was required. As the statute does not now require an affidavit, none is necessary in this ease.
The issuing a summons at the same time with the attachment could not operate as a bar to the suit upon the attachment, even if both were for the same cause of action, (which however is not averred.) The plaintiff had a right to go on with the suit commenced by attachment, and subsequently discontinue the suit commenced by summons.
The common pleas decided correctly, and their judgment must be affirmed.